Angela Wilson-Goodman
State Bar No. 017558
WILSON-GOODMAN & FONG, P.L.L.C.
538 South Gilbert Road, Suite 101
Gilbert, Arizona 85296
Phone: (480) 503-9217
angela@wgandf-law.com
*Attorney for Debtors/Plaintiffs*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>GIL PATRICK MALDONADO and MARY KATHERINE MALDONADO,<br><br>Debtors.<br><br>_____<br><br>GIL PATRICK MALDONADO and MARY KATHERINE MALDONADO,<br><br>Plaintiffs.<br><br>v.<br><br>NATIONAL CITY BANK, NA.,<br><br>Defendant.<br>_____ | In Proceeding under Chapter 13<br><br>Case No: 2:09-bk-01795-GBN<br><br>**COMPLAINT TO DETERMINE THE SECURED STATUS OF AND AVOID LIEN ON REAL PROPERTY** |

COMES NOW, Debtors/Plaintiffs GIL PATRICK MALDONADO and MARY KATHERINE MALDONADO, by and through undersigned counsel, and submit their Complaint to Determine Secured Status of and Avoid Lien on Real Property. In support of their Complaint, Plaintiffs state as follows:

**I.     GENERAL ALLEGATIONS**

1.     This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334; 11 U.S.C § 506, 11 U.S.C. § 1123(b)(5) and Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure.

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(K) in that it is an action to determine the secured status of and to avoid a lien on real property. Venue is proper pursuant to 28 U.S.C. § 1409.

4. Plaintiffs are individuals and debtors in the above-captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 2, 2009 ("the Bankruptcy Case"). The Plaintiffs have proposed a plan of reorganization.

5. Plaintiffs are informed and believe that Defendant, NATIONAL CITY BANK, NA., is a corporation licensed to do business in the State of Arizona, and claims to be a creditor of Plaintiffs. Defendant may be served with a Summons and Complaint through its Arizona registered agent, Corporation Service Company.

6. Plaintiffs' residence, which they have claimed under their homestead exemption, is located at 3165 E. Desert LN., Gilbert, AZ 85234 (the "Property"). The legal description is as follows:

> LOT 103, OF CARRIAGE LANE 10, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 399 OF MAPS, PAGE 47.

7. A first position lien against the Property is evidenced by a deed of trust held by Plaintiffs' primary mortgage holder, FIRST MAGNUS FINANCIAL CORPORATION, recorded under recording number 20061017225 in the Maricopa County Recorder's Office on July 26, 2006 (the "Countrywide Deed of Trust," attached hereto as "Exhibit 1"). Although there is no assignment of the Countywide Primary Deed of Trust recorded in the Maricopa County Recorder's Office, Plaintiffs are informed and believe that FIRST MAGNUS FINANCIAL CORPORATION assigned its interest in the Countrywide Deed of Trust to COUNTRYWIDE HOME LOANS, INC., through Mortgage Electric Registering Service ("MERS"), that it no longer has an interest in the Countrywide Deed of Trust or the

promissory note secured thereby, and that COUNTRYWIDE HOME LOANS, INC., is the current holder of the subject promissory note and beneficiary under the Countrywide Deed of Trust.

8. The amount of the primary mortgage claim as of the date of filing the Bankruptcy Case is $297,832, as evidenced by the bankruptcy petition.

9. Defendant, NATIONAL CITY BANK, NA., also claims to hold a lien against the Property evidenced by a deed of trust, recorded under recording number 20061112818 in the Maricopa County Recorder's Office on August 14, 2006 (the "National Deed of Trust," attached hereto as "Exhibit 2"). The amount of Defendant's note, allegedly secured by the National Deed of Trust, is $38,563, as of the date of filing the Bankruptcy Case and as evidenced by the bankruptcy petition.

10. The Countrywide Deed of Trust is superior to the National Deed of Trust.

11. Plaintiffs are informed and believe, and thereon allege, that the fair market value of the Property, which is the collateral for the Countrywide Deed of Trust and the National Deed of Trust, is approximately $205,000.00, based on an appraisal completed by a Certified Residential Real Estate Appraiser on November 14, 2009. A copy of the appraisal is attached hereto as "Exhibit 3."

12. Under 11 U.S.C. §506(a), a claim is secured "to the extent of the value of such creditor's interest…..in such property," and "is an unsecured claim to the extent that the value of such creditor's interest….is less than the amount of such allowed claim." Furthermore, 11 U.S.C. §1322(b)(2) states that a plan may "modify the rights of holders of unsecured claims."

13. The Ninth Circuit, and many other federal circuits, has adopted the view that the holder of a purported junior lien on a debtor's residence is wholly unsecured and not entitled to the protection of 11 U.S.C. §1322(b)(2) when the value of that residence is less than or equal to the amount owed on superior liens. *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *In re Lane*, 280 F3.d 663, 667-69 (6th Cir. 2002); *In re McDonald*, 2005 F.3d 606 (3rd Cir. 2000).

14. Due to the fair market value of the property, only $205,000.00 of the Countrywide Deed of Trust is secured; the remainder, or $92,832.00, is unsecured. With the Countrywide Deed of Trust only partially secured, there is no value remaining to secure any other junior lien on the Property.

15. Defendant's claim is therefore entirely unsecured and there is no security that attaches to the National Deed of Trust.

## II. FIRST CLAIM FOR RELIEF

### [Declaratory Relief to Determine an Interest in Property]

### [F.R.B.P. 7001(2) and 7001(9)]

16. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 15, inclusive, as though set forth at length.

17. An actual controversy exists between Plaintiff and Defendant with regard to the validity, nature, and extent of their interests in the Property.

18. Plaintiffs allege that they hold an interest in the Property free and clear of any interest of Defendant, in that the lien evidenced by the National Deed of Trust has no value since it is wholly unsecured, and that accordingly, the National Deed of Trust is null and void.

19. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature, and extent of Defendant's interest in the Property.

WHEREFORE, Plaintiffs pray for judgment against Defendant as hereinafter set forth.

## III. SECOND CLAIM FOR RELIEF

### [Declaratory Relief to Determine Status of NATIONAL CITY BANK, NA. Claim]

### [11 U.S.C. §506 and F.R.B.P. 7001]

20. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 19 inclusive, as though set forth at length.

21. An actual controversy exists between Plaintiffs and Defendant with regard to the status of Defendant's claim.

22. Plaintiffs allege that the lien evidenced by the National Deed of Trust has no value because it is wholly unsecured, that any claim by Defendant is not allowable as a secured claim, and that accordingly, the National Deed of Trust is null and void, any claim by Defendant is subject to discharge, and Defendant shall be required to file a Release of Lien in the Maricopa County Recorder's Office upon entry of discharge in the present action.

23. To the extent this Complaint is opposed, Plaintiffs request that the Court schedule a valuation hearing, for purposes of determining the value the home as of the date of the filing of the Bankruptcy Case.

24. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether Defendant's claim against Plaintiffs shall be allowable as secured or unsecured.

25. In the event that Defendant has filed, or hereafter files, any proof of claim asserting secured status against the subject Property, notice is hereby provided that Plaintiffs object to such claim of secured status, asserting that such claim is an unsecured non-priority claim subject to discharge.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. That the Court determines the nature, extent, and validity of Defendant's interest in the real property located at 3165 E. Desert LN., Gilbert, AZ 85234;

2. That the Court determines that the claim owed to Defendant, NATIONAL CITY BANK, NA., by Plaintiff is wholly unsecured and shall be discharged;

3. That the Court determines that the National Deed of Trust is null and void;

4. That the Court orders Defendant to file a Release of Lien in the Maricopa County Recorder's Office, releasing the Countrywide Second Deed of Trust recorded under recording number 20061112818 in the Maricopa County Recorder's Office on August 14, 2006, upon entry of discharge in the present action;

5. Direct the Trustee that any proof of claim timely filed by Defendant for the second mortgage lien in controversy be treated as an unsecured claim under Plaintiff's reorganization plan;

6. That the Court enters an order for the costs of suit incurred herein;

7. That the Court orders any such further relief as it may deem just and proper.

RESPECTFULLY SUBMITTED this 19th day of November, 2009.

WILSON-GOODMAN & FONG, P.L.L.C.


 /s/Angela M. Wilson-Goodman
Angela M. Wilson-Goodman
*Attorney for Plaintiffs/Debtors*

Original of the foregoing filed
This 19th day of November, 2009.

U.S. Bankruptcy Court, Arizona
230 North First Avenue, Suite 101
Phoenix, AZ 85003-1727

Copies of the foregoing mailed
this 19th day of November, 2009 to:

Walter R. Bieganski, other officer
National City Bank, NA.
1900 E. 9th St.
Cleveland, OH 44114

Corporation Service Company
2338 W. Royal Palm Rd. STE J
Phoenix, AZ 85021
*Statutory Agent for Defendants*

Gil and Mary Maldonado
3165 E. Desert LN.
Gilbert, AZ 85234

/s/Sherri Maentanis